## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENDALL MAR, an individual,       )<br>)<br>)<br>     Plaintiff,     )<br>)<br>vs.          )<br>)<br>NCO FINANCIAL SYSTEMS, INC.,   )<br>a foreign corporation,      )<br>)<br>     Defendant.    )<br>) | Case No. _____ |

### COMPLAINT

Plaintiff Kendall Marr, for his claims against Defendant NCO Financial Systems, Inc. (NCO), alleges and states as follows:

### PARTIES

1.  Kendall Marr is an individual domiciled in Oklahoma County, State of Oklahoma.

2.  NCO is a Pennsylvania Corporation with its principal place of business in Horsham, Pennsylvania.  NCO is engaged in the business of debt collection. NCO's principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

3.  NCO is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28

U.S.C. § 1337, and supplemental jurisdiction exists for the state law

claims pursuant to 28 U.S.C. § 1367.  Venue is proper in that

Defendant transacts business in the Western District of Oklahoma

and the conduct at issue in this action occurred in Oklahoma County,

State of Oklahoma.

## FACTUAL ALLEGATIONS APPLICABLE TO<br>ALL CAUSES OF ACTION

5.    Plaintiff Kendall Marr was assigned a telephone line previously

assigned to one Marshall G. Maggard.

6.    Defendant NCO Financial attempted to contact Marshall Maggard

on the telephone line now assigned to Plaintiff Kendall Marr.

7.    Plaintiff Kendall Marr repeatedly informed employees of Defendant

NCO Financial that the telephone line no longer belonged to

Marshall Maggard.

8.    Defendant has called Plaintiff on numerous occasions despite

9.    Plaintiff's repeated Request to cease.

10.    Defendant's actions have caused Plaintiff to lose business,

interrupted normal Business practice, and consumed a substantial

amount of Plaintiff's time.

## First Cause of Action
## ( Violations of Fair Debt Collections Practices Act)

11.     Plaintiff repeats and realleges and incorporates by reference

paragraphs one through 9 above.

11.     Defendant violated 15 U.S.C. § 1692d(5) by contacting Plaintiff in

a manner constituting harassment by causing a telephone to ring.

12.     Defendant violated 15 U.S.C. § 1692(c)c by failing to cease

communications after Plaintiff requested Defendant to cease

communications.

13.     Defendant violated 15 U.S.C. § 1692(f) by contacting Plaintiff at his

work number after Plaintiff informed Defendant what Plaintiff had

been assigned the telephone line-not Marshall Maggard.

14.     As a result of the above violations of the FDCPA, the Defendants are

liable to the Plaintiff for declaratory judgment that Defendant's

actions violated the FDCPA, and for Plaintiff's actual damages,

statutory damages, and costs and attorney's fees, and such further

relief as the Court deems just and equitable.

## Second Cause of Action
## (Intentional Infliction of Emotional Distress)

15.     Plaintiff repeats and realleges and incorporates by reference the

foregoing Paragraphs one through fourteen.

16.   Defendant's conduct and communications with the Plaintiff in the collection of the debt allegedly owed Marshall Maggard were extreme and outrageous and intended by the Defendant to humiliate, embarrass, scare, and worry the Plaintiff.

17.   As a result of Defendant's actions, Plaintiff has suffered humiliation and ridicule.

18.   As a result of the Defendant's outrageous conduct in the collection of a debt, the Defendant is liable to the Plaintiff for actual damages, exemplary damages, costs and a reasonable attorney's fee, and such further relief as the Court deems just and equitable..

## Third Cause of Action
### (Intrusion upon Seclusion)

19.   Plaintiff repeats and realleges and incorporates by reference the Foregoing paragraphs one through eighteen.

20.   As a result of Defendant's intentional and highly offensive intrusion into the private affairs of the Plaintiff, the Defendant is liable to the Plaintiff for actual damages, exemplary damages, costs and a reasonable attorney's fee and such other relief as the Court deems just and equitable.

## Fourth Cause of Action
### Violation of Oklahoma Consumer Protection Code

21.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs one through twenty.

22.     Many of the calls made by Defendant were made in violation of 15

O.S. §755.1 by making calls via an automatic dialer before 9:00 a.m..

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered

against the Defendant.

Respectfully submitted,


 /s/ A.D. Sanderson
A.D. Sanderson, OBA #21705
Law Center of Oklahoma
2914 Epperly Drive
Del City, Oklahoma 73115
(405) 672-9660 Telephone
(405) 672-9710 Facsimile
Sanderson@lawcenterofok.com

Attorney for Plaintiff